

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2005

# Arias v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1999

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"Arias v. Atty Gen USA" (2005). *2005 Decisions.* Paper 347.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/347

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

September 15, 2005

**No.** 04-1999

WALTER ANTONIO AMAYA ARIAS,
Petitioner

v.

ALBERTO GONZALES, THE ATTORNEY GENERAL
OF THE UNITED STATES; DEPARTMENT OF
HOMELAND SECURITY; BUREAU OF
IMMIGRATION & CUSTOMS ENFORCEMENT,
Respondents

(Agency No. A97 133 248)

Present: **SMITH, FISHER, and NYGAARD,** <u>Circuit Judge</u>.

Motion by Respondents to Amend or Modify the Decision by striking the final sentence in Part II of its opinion and in its place adding the following:

> We therefore find that we have jurisdiction to review to review that legal determination. However, the BIA alternatively held that even if an involuntariness exception exists, Amaya Arias's support was not involuntary. Amaya Arias challenges this determination as well. Because this determination is, as previously noted, a factual one, we would have no jurisdiction to review it if Amaya Arias were only seeking review of the asylum claim. But as previously noted, he is also seeking review of the withholding denial, and we retain jurisdiction to review factual issues pertaining to that claim because the jurisdiction limitation at 8 U.S.C. Section 1182(b)(2)(D) does not apply to withholding claims, and therefore does not preclude our review of factual issues pertaining to such claims. Thus, because the availability of withholding of removal turns on the same factual issues that Amaya Arias raised in his asylum claim, we have jurisdiction to reach the merits of his claims, both factual and legal.

> And

Amend the first sentence of part III to read:
"We now turn to the merits of the withholding claim."

/s/ Rebecca L. Simon
Case Manager 267-299-4947

_____ **O R D E R** _____

The foregoing motion is granted.

By the Court,

*/s/ D. Michael Fisher*
Circuit Judge

Dated: October 26, 2005
RLS/cc: RA
      LDJ